CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2015

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN SNODGRASS, JR.,** | ) | CASE NO. 7:15CV00075 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TORI RAIFORD, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant(s).** | ) | |

Kevin Snodgrass, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials placed him in administrative segregation without due process and retaliated against him for filing grievances. The court granted his motion to amend the complaint, but then summarily dismissed the complaint, as amended, without prejudice pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a constitutional claim actionable under § 1983. More than two weeks later, Snodgrass submitted a motion for reconsideration, asking the court to reinstate the action and allow him to supplement it with additional claims. Finding no good cause, the motion must be denied.

Because the motion for reconsideration was filed within 28 days from entry of the dismissal order, the court must consider it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). Accordingly, "there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id.

Snodgrass fails to demonstrate any ground on which he is entitled to relief from the dismissal order under Rule 59(e). He fails to show any ground on which the complaint as amended was erroneously dismissed for failure to state a § 1983 claim, any intervening change in the law, or any new evidence not available before the dismissal in support of the dismissed claims. Furthermore, the court finds no justification to allow Snodgrass now to file additional claims in a closed action that failed to state any § 1983 claim. His proposed supplement does not state facts correcting the deficiencies for which the amended complaint was dismissed. Finally, the bulk of the supplemental complaint contends that the defendants conspired to interfere with Snodgrass's attempts to exhaust administrative remedies. Because inmates have no constitutional right to a prison grievance procedure or to participate in an existing procedure, interference with or denial of access to such a procedure does not implicate any constitutionally protected right as required to be actionable under § 1983. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

For the stated reasons, the court will deny both the motion for reconsideration and the request to supplement the complaint. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of SEPTEMBER, 2015.

/s/ Glen Conrad
Chief United States District Judge

2

Case 7:15-cv-00075-GEC-RSB   Document 22   Filed 09/30/15   Page 2 of 2   Pageid#: 144